UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:CR-21-150 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| AKEE YAMIRE MILLER, | : | (Electronically Filed) |
| Defendant. | : | |

## GOVERNMENT'S MEMORANDUM IN SUPPORT OF OBJECTION TO BASE OFFENSE LEVEL IN PSR

I.  Background

On June 7, 2021, the defendant appeared before the Court and pleaded guilty to a one-count criminal information charging him with a violation of 21 U.S.C. § 841(a)(1), § 841(b)(1)(C), and 18 U.S.C. §2. (Doc. 2). The defendant entered his guilty plea pursuant to the terms of a written plea agreement. (Doc. 3). The defendant admitted that on or about February 17, 2021, he knowingly, intentionally and unlawfully distributed a mixture and substance containing a detectable amount of fluorofentanyl, a Schedule I controlled substance analogue as defined in 21 U.S.C. § 802(32), with intent for human consumption as provided in 21 U.S.C. § 813, and death and serious bodily injury of a person resulted from the use of such substance. At the time the plea was entered, the defendant admitted before this Court that on February 17, 2021, he met with Krystina Shumway and Michaelena Kowalczyk at

1

approximately 5:45 p.m. at a small store located on Park Avenue in Wilkes-Barre, at which time the defendant sold four pills to Michaelena Kowalczyk for $100.  The defendant admitted that Michaelena thereafter ingested <u>one</u> of the pills and died.  The defendant admitted that but for his unlawful drug sale of fluorofentanyl on February 17, 2021, Michaelena Kowalczyk would not have died.  Her body was found inside her vehicle on February 18, 2021.

Following entry of the defendant's guilty plea, a presentence report was prepared.  That report concludes that the defendant's base offense level is 38, pursuant to U.S.S.G. §2D1.1(a)(1).[1]  **The Government objects to a base offense level of 38.**  It is the Government's position that the appropriate base offense level to be applied to the defendant's offense of conviction is **43**.  The Government's position is based on the defendant's admissions of guilt and his prior similar felony drug offenses.  Despite the November 1, 2023

---

[1] The First Step Act amended four of the six penalty provisions referenced in §2D1.1(a)(1) and, for those amended provisions, the term "similar offense" is over-inclusive, because it includes drug offenses that do not meet the definition of "serious drug felony," and under-inclusive, because it fails to account for a prior "serious violent felony." The amendment divides §2D1.1(a)(1) into two subparagraphs, (A) and (B). Subparagraph (A), which references the four statutory provisions amended by the First Step Act, replaces the term "similar offense" with "serious drug felony or serious violent felony." **Subparagraph (B), which references the two provisions that were not amended, replaces the term "similar offense" with "felony drug offense."** The amendment also amends §2D1.1(a)(3), by replacing the term "similar offense" with "felony drug offense," for consistency with the terminology used in §2D1.1(a)(1).  **The effective date of this amendment is November 1, 2023.**

amendments to §2D1.1(a) as noted in fn 1, the defendant's criminal history and offense of conviction still correctly place him at a base offense level of 43.

Notably, the PSR correctly concludes that the defendant is a career offender pursuant to U.S.S.G. §4B1.1(b) based upon two prior felony drug offense convictions detailed in paragraphs 33, 34, and 37, thereby exposing the defendant to greater punishment under the guidelines. PSR ¶41. The defendant's criminal history category, therefore, is properly calculated at VI. The PSR concludes that the defendant's guideline sentencing range is 292-235, after acceptance of responsibility. This range is **incorrectly premised** on a base offense level of 38. The assignment of 38 in the PSR is incorrect and not legally supported.

II. <u>Argument</u>

The probation officer disagrees with the Government's position and states the following in an addendum to the PSR:

> The probation officer agrees that the defendant has prior convictions for similar offenses; however, USSG §2D1.1(a)(1) states that the base offense level is 43 if the defendant was convicted under 21 USC § 841(b)(1)(C) and *<u>the offense of conviction</u> <u>establishes</u>* that death or serious bodily injury resulted from the use of the substances *<u>and</u> <u>that</u>* the defendant committed the offense after one or more prior convictions for a similar offense.
>
> Because there was no filing of an Information of Prior Conviction pursuant to 21 USC § 851(a), a stipulation in the plea agreement, or a reference to a prior conviction in the Indictment, the probation officer does not believe that the offense of conviction

3

> has established that the defendant has a prior conviction for a similar offense.

(Doc. 20)

**First**, it is unclear what the probation officer means when he states that he does not believe that the "offense of conviction has established that the defendant has a prior conviction for a similar offense." In fact, the Government takes issue with this statement. To the extent this is a policy position taken by the federal probation office, it does not comport with the law. To the extent the probation officer believes that any prior felony drug conviction must exactly match the "offense of conviction," (death resulting from an unlawful distribution of a controlled substance), he is wrong. The defendant need only have sustained at least one prior felony drug offense AND the "offense of conviction" establishes that death or serious bodily injury resulted….., to warrant a base offense level of 43.

Moreover, to the extent the probation officer claims that an "Information of Prior Convictions" pursuant to 21 U.S.C. §851 must be filed in order to establish that the defendant has a prior conviction for a similar offense pursuant to §2D1.1(a), his claim is misplaced and legally incorrect. **Section 2D1.1(a) does NOT require the filing of an §851 Information for the section to be properly applied** to the defendant's conduct. That is not the purpose of an § 851 Information. **Section 851 serves only to ensure that**

4

defendants are provided certain procedural safeguards before receiving an enhanced mandatory minimum or maximum statutory sentence on the basis of a prior conviction. In fact, had the Government filed an § 851 Information in this case, the defendant would be facing **mandatory life imprisonment** based upon his prior felony drug offenses. (*See* 21 U.S.C. §841(b)(1)(C)…. if any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced …… and if death or serious bodily injury results from the use of such substance <u>shall</u> be sentenced to life imprisonment). The § 851 Information in the instant case, had it been filed, would have increased the defendant's <u>statutory</u> <u>mandatory</u> <u>minimum</u> sentence from 20 years to life. The Government did not file an §851 Information because the Government did not intend to increase the mandatory minimum term of 20 years imprisonment to mandatory life imprisonment. The Government intended to rely on the proper application of the sentencing guidelines and §2D1.1(a)(1)'s base offense level of 43 in order to meet the ends of justice in this case.

It is important to note that an § 851 Information serves only as notice to the defendant under the **statutory structure of Title 21** that the Government intends to increase the **statutory penalties** associated with the defendant's crimes and has **no applicability to the guidelines when no**

**statutory penalties are increased,** nor has any authority been identified in support of an §851 notice requirement pursuant to §2D1.1(a)(1)'s guideline base offense levels. The Government is unaware of any such authority. Application of the appropriate base offense level in this case does not impact the mandatory minimum or maximum statutory penalty for the crime to which the defendant plead guilty. As such, the statutory penalties are not increased by application of the appropriate base offense level. Moreover, an §851 Information plays no role in establishing "a similar offense," or now a similar "felony drug offense," under the sentencing guideline §2D1.1(a)(1).

By way of example, an §851 Information is **not required** in order to implicate a defendant's **career offender designation** under the guidelines pursuant to U.S.S.G. §4B1.1, which is a designation that subjects a defendant to greater punishment **under the guidelines**. Indeed, a career offender designation subjects a defendant to an increased guidelines score with no requirement for filing of an §851 Information. The defendant has been properly designated a career offender in this case without the filing of an §851 Information. PSR ¶41. If in fact an §851 Information is filed in a career offender situation, it would serve as notice that the maximum statutory penalty could increase, but there is **no requirement** for an §851 Information be filed for a career offender designation. Nor does an §851 Information have

6

to be included in a plea agreement or in a charging document. That is simply not the law.

Therefore, the probation officer's reference to an §851 Information in this case is misplaced and legally incorrect. The same is true regarding any claim that for application of §2D1.1(a)(1)'s base offense level of 43, the defendant's prior felony drug convictions must have been included in the plea agreement or charging document. That is simply not the law.

The law requires that for application of a base offense of 43 pursuant to §2D1.1(a)(1)(B), the defendant must have committed the instant offense of conviction (here, drug distribution resulting in death) after one or more prior convictions for a similar offense (now felony drug offense). **That is all the law requires.** This defendant has multiple prior felony drug offenses as set forth in the PSR and in his designation as a career offender. PSR ¶ 41. With a career offender designation, the **PSR** and the **Addendum** both acknowledge that the defendant sustained at least two prior felony drug offenses prior to the instant commission of the offense of conviction. Again, to the extent the probation officer claims that any prior felony drug offense must exactly match the offense of conviction, *i.e.* resulting in death, he is wrong. Any such claim has been consistently rejected by federal courts, including this Court.[2]

---

[2] *See, e.g. United States v. Zayas*, MDPA 3:cr-16-222 (BOL = 43 similar offense(s) did not involve prior death); *United States v. Jackson* MDPA 3:cr-

7

This argument was rejected by the Sixth Circuit in *United States v. Johnson* which held that "the term 'similar offense' is synonymous with the term "felony drug offense" for purposes of interpreting U.S.S.G. §2D1.1(a)(1)". 706 F.3d 728,733 (6th Cir. 2013). The Sixth Circuit reasoned:

> Notably, although USSG § 2D1.1(a)(1) uses the term "similar drug offense" and 21 U.S.C. § 841(b)(1)(C) uses the term "felony drug offense," the guideline and statute mirror one another in several respects. The statute provides that a defendant will be subject to a maximum statutory sentence of thirty years if the instant controlled substance offense was committed "after a prior conviction for a felony drug offense has become final." 21 U.S.C. § 841(b)(1)(C). However, "if death or serious bodily injury results from the use of such substance," the defendant will face a sentence of life imprisonment. *Id.* Thus, both the guideline provision and the statute contemplate sentencing a defendant to a term of life imprisonment if he has committed a controlled substance offense that resulted in death or serious bodily injury and has a prior conviction. In fact, USSG § 2D1.1(a)(1) merely reinforces the enhanced penalty mandated by statute. Taking into account the plain language of both the guideline provision and the statute, we conclude that the Sentencing Commission intended the term "similar offense" to be synonymous with the term "felony drug offense."

*Id.* at 731.

The Government also notes that in *Johnson*, the Court rejected the defendant's claim that the Government needed to file an §851 Information for a base offense level of 43. 706 F.3d at 732. The Court stated:

---

20-291 (BOL = 43 similar offense(s) did not involve prior death); *United States v. Rosario*, MDPA 3:-cr-21-206 (BOL=43 similar offense(s) did not involve prior death); *United States v. Beckford*, MDPA 3:cr-22-061 (BOL = 43 similar offense(s) did not involve prior death).

8

> Section 851 ensures that defendants are provided certain procedural safeguards before receiving a **mandatory sentence enhancement** on the basis of a prior conviction. Once those requirements have been satisfied, those defendants are subject to an enhanced sentence. Johnson offers no authority to the contrary. Here, the only reason Johnson was not subject to the **statutory mandatory minimum sentence** was because the Government did not file an information pursuant to § 851, in accordance with the terms of Johnson's plea agreement. Notwithstanding the terms of Johnson's plea agreement, the district court was still permitted to take into account Johnson's prior felony drug conviction when determining whether to apply USSG § 2D1.1(a)(1).

*Id.* (emphasis added).

Similarly, the Fourth Circuit explained in *United States v. Fisher* that:

> the Guidelines do not require that the offenses involve identical controlled substances, but only that the offenses be similar. See USSG § 2D1.1(a)(1) ("defendant committed the offense after one or more prior convictions for a similar offense"). Next, the offenses are similar in that the intent in both involved distribution of controlled substances. *See United States v. Johnson,* 706 F.3d 728, 733 (6th Cir. 2013) (similar offense is synonymous with "felony drug offense"); *United States v. Westry,* 524 F.3d 1198 (11th Cir. 2008) (conviction for possession of pentazocine similar offense to conspiracy to possess with intent to distribute several types of controlled substances). Finally, Fisher alleges that the marijuana conviction did not involve death. The fact that the prior conviction did not involve serious bodily injury or death is irrelevant because 21 U.S.C. § 841(a) (2012) prescribes the unlawful act and 21 U.S.C. § 841(b)(1)(C) (2012) only prescribes the penalty, which takes into consideration whether serious bodily injury or death resulted from the unlawful act. We therefore conclude that the court did not err in applying the enhancement in USSG § 2D1 .1 (a)(1 ).

683 Fed. App'x 214, 215 (4th Cir. 2017).[3]

*Johnson's* primary holding is that "the term 'similar offense' is synonymous with the term 'felony drug offense'" as used in 21 U.S.C. §841(b)(1)(C). *Johnson*, 706 F3d at 733. As detailed in fn 1 above, the Guidelines Amendment, effective November 1, 2023, amended §2D1.1(a)(1) by replacing the term "similar offense" with "felony drug offense," in Subparagraph (B) of §2D1.1(a)(1).

The defendant, Akee Miller, has at least two prior felony drug offenses and **only one** is necessary to place him at a base offense level of 43.

The defendant was convicted of Conspiracy to Manufacture, Delivery or Possession with Intent to Manufacture or Deliver Controlled Substances (18 § 903 – **felony**)**,** as well as a substantive count of Manufacture, Delivery or

---

[3] Similar to *Johnson*, **no §851 Information was filed** in *Fisher*. 683 Fed. App'x 214 (2017). *See also, United States v. Sica,* 676 Fed. App'x 81 (2017), no plain error in applying sentencing guideline imposing base offense level of 43 for defendant on ground that he had prior convictions for similar offense, even though he **did not plead** to the substantive prior-felony death-results crime and **no §851 Information filed**; *United States v. Stevens*, 2022 WL 1297091 (E.D. Kentucky, 2022) (Federal Probation Officer responded in addendum to PSR that defendant's prior 2000 conviction for first degree possession of a controlled substance (crack cocaine), a class D felony under Kentucky law, qualified as a "similar offense" for purposes of §2D1.1(a)(1). The Court agreed that *Johnson* was "on point" because "similar offense" is synonymous with "felony drug offense" and defendant had prior drug offense and **no §851 Information filed**; *United States v. Carrington*, 2023 WL 1990529 (E.D. VA 2023) (defendant's base offense level properly calculated at 43 even though Virginia offense not precise match, it is nonetheless "similar" to the federal statute and **no §851 Information filed.**

Possession with Intent to Manufacture or Deliver Controlled Substances (35 § 780-113 §§A30 – **felony**) in Luzerne County, Court of Common Pleas, Wilkes-Barre, Pennsylvania in 2017 (Case Nos. CP-40-CR-2770 and 2771 - 2017). On May 23, 2016, the defendant was arrested and later convicted of trafficking in **heroin**, a Schedule I controlled substance and a felony drug offense. He was again arrested on May 30, 2017 and later convicted of trafficking in **marijuana**, a Schedule I controlled substance, as well as a firearm offense. The defendant was sentenced for both drug trafficking offenses on the same date, July 17, 2018, to a term of 11 months and 29 days to 23 months and 28 days, followed by 7 years of probation. He subsequently violated his probationary term and was twice resentenced on both crimes. Both of these 2017 drug convictions carry statutory maximums greater than 1 year imprisonment in Pennsylvania and qualify as felony drug offenses. *See* 35 P.S. Sec. 780-113(f)(1).

The defendant was again convicted of Manufacture, Delivery or Possession with Intent to Manufacture or Deliver Controlled Substances (35 § 780-113 §§A30 – **felony**) in Luzerne County, Court of Common Pleas, Wilkes-Barre, Pennsylvania in 2017 (Case No. CP-40-CR-2236-2019). Regarding this conviction, the defendant was arrested on October 11, 2018 after selling approximately 30 grams of fentanyl, a Schedule II controlled substance, in Wilkes-Barre for $4,000. The defendant was sentenced for this felony drug

11

offense on May 5, 2021 to a term of 48 months in the Intermediate Punishment Program (IPP) with the first 24 months on house arrest. The defendant violated the terms of IPP and was revoked multiple times thereafter. This conviction, however, involving the trafficking in fentanyl carries a statutory maximum sentence of more than one year in prison in Pennsylvania and qualifies as a felony drug offense. *See* 35 P.S. Sec. 780-113(f)(1).

For purposes of the U.S.S.G., "felony drug offense" has the meaning given that term in 21 U.S.C. §802.

"**Felony drug offense**" means:

> an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or Foreign county that prohibits or restricts conduct relating to **narcotic drugs, marijuana**, anabolic steroids, or depressant or stimulant substances.

21 U.S.C. § 802(44). (emphasis added). Marijuana is specifically articulated.[4]

---

[4] "**Narcotic drugs**" is defined broadly in §802(17) to include cocaine and heroin and related compounds and derivatives:

(17) The term "**narcotic drug**" means any of the following whether produced directly or indirectly by extraction from substances of vegetable origin, or independently by means of chemical synthesis, or by a combination of extraction and chemical synthesis:

(A) Opium, opiates, derivatives of opium and opiates, including their isomers, esters, ethers, salts, and salts of isomers, esters, and ethers, whenever the existence of such isomers, esters, ethers, and salts is possible within the specific chemical designation.

12

Both of the defendant's felony drug offenses discussed above (heroin and marijuana) qualify as "felony drug offenses" and **only** <u>one</u> is necessary for proper application of U.S.S.G. §2D1.1(a)(1).  The defendant's Pennsylvania drug trafficking convictions are punishable by more than a year "under any law of the United States" and the Pennsylvania statutes prohibit "conduct relating to narcotic drugs, marijuana, ……"

---

(B)  Poppy straw and concentrate of poppy straw.. . .

(C)  Coca leaves, except coca leaves and extracts of coca leaves from which cocaine, ecgonine, and derivatives of ecgonine or their salts have been removed.

(D)  Cocaine, its salts, optical and geometric isomers, and salts of isomers.

(E)  Ecgonine, its derivatives, their salts, isomers, and salts of isomers.

(F)  Any compound, mixture, or preparation which contains any quantity of any of the substances referred to in subparagraphs (A) through (E).

21 U.S.C. §802(17).

## III. Conclusion

For all of the above stated reasons, the defendant's base offense level is properly calculated at 43, prior to acceptance of responsibility, and the PSR should reflect the same.

                                                Respectfully submitted,

                                                GERARD M. KARAM
                                                United States Attorney

                                                /s/ Michelle L. Olshefski
                                                MICHELLE L. OLSHEFKI
                                                Assistant U.S. Attorney

Date: November 27, 2023

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 3:CR-21-150 |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| AKEE YAMIRE MILLER, | : | (Electronically Filed) |
| Defendant. | : | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion as to be competent to serve papers.

That on November 27, 2023, she served a copy of the attached:

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF OBJECTION TO BASE OFFENSE LEVEL IN PSR**

by electronic filing on the following:

James Scanlon, Esquire

                                        /s/ Michelle Olshefski
                                        Michelle Olshefski
                                        Assistant U.S. Attorney