IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | 3:CR-21-150 |
| --- | --- | --- |
| | : | |
| v. | : | (Judge Mariani) |
| | : | |
| AKEE YAMIRE MILLER | : | (Electronically Filed) |

**DEFENDANT'S BRIEF IN OPPOSITION TO GOVERNMENT'S OBJECTIONS TO BASE OFFENSE LEVEL IN PSR**

AND NOW comes the Defendant, Akee Yamire Miller (the "Defendant"), by and through his attorney, James J. Scanlon, Esq., and files the following Brief in Opposition to the Government's Objection to the Base Offense Level set forth in the United States Probation's PSR.

**BRIEF FACTUAL AND PROCEDURAL OVERVIEW**

On June 7, 2021, the Defendant pleaded guilty to one count of a Criminal Information charging him with a violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and § 2. Once the guilty plea was entered, U.S. Probation prepared a presentence report and the report concludes that the Defendant's base offense level is 38, pursuant to USSG § 2D1.1(a)(1). The United States objects to the base offense level and asserts that the correct base level is 43. As a basis for this assertion, the United States argues that the Defendant's admission of guilt and his prior similar drug offense convictions mandate a base level of 43 pursuant to applicable law.

1

The United States Probation Officer who prepared the PSR disagrees with the United States and filed an addendum to the PSR which sets forth his position. *See* Doc. 20. The addendum states:

> The probation officer agrees that the defendant has prior convictions for similar offenses; however, USSG § 2D1.1(a)(1) states that the base offense level is 43 if the defendant was convicted under 21 USC § 841(b)(1)(C) and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substances and that the defendant committed the offense after one or more prior convictions for a similar offense.
>
> Because there was no filing of an Information of Prior Conviction pursuant to 21 USC § 851(a), a stipulation in the plea agreement, or a reference to a prior conviction in the Indictment, the probation officer does not believe that the offense of conviction has established that the defendant has a prior conviction for a similar offense.

*Id*. The U.S. Probation Officer's position is correct.

## ARGUMENT

A. <u>The Defendant should not be subjected to an increased penalty pursuant to USSG § 2D1.1(a)(1).</u>

21 U.S.C. § 851(a)(1) states "[n]o person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court". Section 851 "lays out the procedure for proving prior convictions that can be used to trigger the statutory sentencing enhancements available under 21 U.S.C. § 841". <u>United States v. Banks</u>, 770 F.3d 346, 350 (5th Cir. 2014). Therefore, the Government must follow Section

851 to subject the Defendant to increased punishments available under Section 841. The Government, in this case, has failed to follow Section 851 because there was no filing of an Information of prior conviction pursuant to 21 USC § 851(a), a stipulation in the plea agreement, or a reference to a prior conviction in the Indictment. Thus, the correct base level is 38.

USSG § 2D1.1(a)(1) is essentially the Sentencing Commission's identical counterpart to an increased punishment stated in 21 U.S.C. § 841. 21 U.S.C. § 841(b) states "[i]f any person commits such a violation after a prior conviction for a serious drug felony or serious violent felony has become final . . . if death or serious bodily injury results from the use of such substance shall be sentenced to life imprisonment". USSG § 2D1.1(a)(1) states the base offense level is 43 if:

> (A) the defendant is convicted under 21 U.S.C. § 841(b)(1)(A) or (b)(1)(B), or 21 U.S.C. § 960(b)(1) or (b)(2), and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a serious drug felony or serious violent felony; or
>
> (B) the defendant is convicted under 21 U.S.C. § 841(b)(1)(C) or 21 U.S.C. § 960(b)(3) and the offense of conviction establishes that death or serious bodily injury resulted from the use of the substance and that the defendant committed the offense after one or more prior convictions for a felony drug offense;

USSG § 2D1.1(a)(1) was just amended on November 1, 2023 to now include the language "prior convictions for a serious drug felony or serious violent felony; or . . . felony drug offense".  The Sentencing Commission directly took the terms "serious drug felony", "serious violent felony", and "felony drug offense" from the increased penalties listed in 21 U.S.C. § 841.  USSG § 2D1.1(a)(1) states that the base offense level is a 43 which according to the Sentencing Table is a Life sentence, which therefore provides the same result as the statutory life sentence penalty in 21 U.S.C. § 841.

Here, as the U.S. Probation Officer correctly notes, "[b]ecause there was no filing of an Information of Prior Conviction pursuant to 21 USC § 851(a), a stipulation in the plea agreement, or a reference to a prior conviction in the Indictment," the offense of conviction does not establish that the defendant has a prior conviction for a similar offense.

Since USSG § 2D1.1(a)(1) is essentially an identical counterpart to the increased punishment stated in 21 U.S.C. § 841; USSG § 2D1.1(a)(1) should not apply in this case when the Government has agreed that the increased punishments of 21 U.S.C. § 841 do not apply.

## **CONCLUSION**

WHEREFORE, the Defendant, Akee Yamire Miller, respectfully requests that this Honorable Court deny the Government's objection to base offense level set forth in the PSR and apply a base offense level of 38.

Respectfully submitted,

Date: January 17, 2024 /s/ James J. Scanlon
James J. Scanlon
Ridley, Chuff, Kosierowski & Scanlon, P.C.
400 Broad Street
Milford, Pennsylvania 18337
(570) 296-5553 (Office)
(570) 296-5554 (Fax)

# CERTIFICATE OF SERVICE

I, James J. Scanlon, do hereby certify that this document, the foregoing **Brief in Opposition to Government's Objection to Base Offense Level in PSR**, was served electronically through the ECF system to all counsel of record.

Date: January 17, 2024          /s/ James J. Scanlon
                                **James J. Scanlon**